[Cite as *State v. Kellie*, 2023-Ohio-1015.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERIC L. KELLIE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 MA 0048

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 1997 CR 851

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Reversed.
Vacated.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Chief Prosecuting Attorney, Criminal Division, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Wesley A. Johnston*, P.O. Box 6041, Youngstown, Ohio 44501-6041, for Defendant-Appellant

Dated: March 24, 2023

---

**WAITE, J.**

{¶1} Appellant Eric L. Kellie appeals an April 23, 2021 judgment entry of the Mahoning County Court of Common Pleas which added a postrelease control term into his earlier October 28, 1999 sentencing entry. Appellant argues that postrelease control cannot be imposed at this late date for several reasons. Appellant also argues that the new entry incorrectly calculates his jail-time credit and that the original imposition of consecutive sentences was erroneous. For the reasons provided, the judgment of the trial court is reversed. The April 22, 2021 entry is vacated and the entry dated October 28, 1999 is reinstated.

Factual and Procedural History

{¶2} This case stems from a 1997 incident involving two separate shootings. According to the limited facts in the record, the day after someone shot at Appellant and missed, Appellant saw the shooter at a local store and approached him. The two men argued. At one point, Appellant believed the man was reaching for his gun, so Appellant pulled out his own gun and shot. However, he missed his intended victim and shot another man, who died as a result.

{¶3} On November 14, 1997, Appellant was indicted on one count of aggravated murder, a felony in violation of R.C. 2903.01(A) with two capital specifications and a firearm specification. He was also charged with one count of attempted aggravated murder with a firearm specification.

{¶4} On September 1, 1999, Appellant pleaded guilty to amended counts of murder and felonious assault. On October 28, 1999, the trial court sentenced Appellant

to an aggregate sentence of twenty-three years of incarceration. The court did not impose postrelease control at the hearing or within the sentencing entry.

{¶5} At some point, the Ohio Department of Rehabilitation and Correction ("ODRC") apparently contacted either the state or the court with information about Appellant's upcoming parole hearing. ODRC noted its concern that postrelease control had not been imposed and requested that the issue be corrected. Based on this suggestion, on April 23, 2021, the court held what it called a "resentencing." At the time, Appellant's parole hearing was five days away. Based on this record, it is unclear whether Appellant has since been released on parole.

{¶6} At the "resentencing" the court inquired whether postrelease control could be imposed at this late date. The state advocated that a postrelease control term could still be imposed while defense counsel opposed imposition of post release control. The court stated "[h]ere's what I'm going to do: I'm going to impose the post-release control. If he doesn't get out [on parole], you can file a motion for reconsideration of this whole thing and I'll look into the case law then." (4/23/21 Resentencing Hrg. Tr., p. 8.) Accordingly, on that same date the court filed a new sentencing entry, imposing on Appellant a postrelease control term. Relevant here, the court apparently simply copied the remainder of the previous entry, which stated that Appellant would receive credit for 748 days served. By this point, however, Appellant had served approximately 8,225 days. It is from this entry that Appellant timely appeals.

{¶7} This case has had a unique procedural history on appeal, as well. After Appellant was granted a fourth extension of time to file his brief in this matter, he filed a motion to supplement the record. While his motion to supplement the record was

pending, Appellant filed a motion for leave to file a brief instantar. Appellant then filed to dismiss his motion for leave to file his brief instantar and the attached brief. We noted the confusion, but denied that motion. On June 27, 2022, the state filed a confession of judgment as to assignments of error one through three, but failed to address the remaining assignments of error. Accordingly, we ordered the state to file a brief or a confession of judgment regarding the remaining two assignments of error. The state complied on November 15, 2022.

ASSIGNMENT OF ERROR NO. 1

The Trial Court lacked jurisdiction to impose post-release control per ORC 2967.28 upon this Defendant, as this was a hearing at Ohio Department of Corrections at their request, and the Trial Court improperly calculated the jail time credit of Appellant, and imposition violated the United States Double Jeopardy Clause of the Fifth Amendment protections against imposition of multiple criminal punishments for the same offense in successive proceedings.

ASSIGNMENT OF ERROR NO. 2

The Trial court violated Appellant's 14th Amendment US Constitution and Ohio Constitution Due Process Rights by imposing the requirements of ORC 2967.28, when current Ohio case law requires that the imposition of ORC 2967.28 be immediately appealed in direct appeal, and that did not occur and could not occur in this instance.

Case No. 21 MA 0048

ASSIGNMENT OF ERROR NO. 3

The Trial Court lacked jurisdiction to impose post release control per ORC 2967.28 upon this Defendant, as Defendant had served the felonious assault time and was no longer under jurisdiction of the court for same, and imposition of same violated as this was a hearing violated the United States Double Jeopardy Clause of the Fifth Amendment protections against imposition of multiple criminal punishments for the same offense in successive proceedings.

{¶8}    Appellant argues in each of these assignments that the trial court lacked jurisdiction to impose a postrelease control term, since the statute governing postrelease control and corresponding law did not yet exist at the time of his plea and original sentencing.  Even so, Appellant cites to recent caselaw from the Ohio Supreme Court holding that the imposition of postrelease control must be addressed on direct appeal, which could not have occurred in this case because, again, the postrelease control law did not exist at that time.  Regardless, Appellant contests the imposition of postrelease control in this matter because he has completed his prison term for felonious assault.

{¶9}    The state confesses judgment as to the third argument.  Because Appellant has completed his sentence on the relevant conviction, postrelease control could not be ordered.  The state then claims that Appellant's first two assignments are moot.

{¶10}  It is clear from this record that the trial court lacked jurisdiction to sentence Appellant to postrelease control and improperly "resentenced" Appellant.  As there was no legal support for the court to enter a new sentence, the sentence is invalid and must

be vacated. Hence, Appellant's first, second, and third assignments of error have merit and are sustained and the April 29, 2021 entry is hereby vacated.

## ASSIGNMENT OF ERROR NO. 4

The Trial Court improperly calculated the jail time credit of Appellant.

**{¶11}** Appellant argues that the court awarded him 748 days of credit when he has served 8,225 days.

**{¶12}** It appears that the state may have misunderstood Appellant's argument. The state argues that Appellant should have challenged his award of jail-time credit on direct appeal. However, Appellant does not take issue with the original calculation of jail-time credit by the court. Instead, he contends the new sentencing entry does not reflect the time he has served since his original sentence. The state also observes that the Department of Corrections is obligated to properly credit Appellant for any time he has served under their supervision.

**{¶13}** Because the trial court's April 22, 2021 judgment entry is vacated, Appellant's original sentencing entry of October 28, 1999 is reinstated and this assignment of error is moot.

## ASSIGNMENT OF ERROR NO. 5

The Trial Court failed to expressly make the findings required in ORC 2929.14, give the reasons supporting those findings at the time of sentencing, and include said findings in its subsequent judgment entry.

**{¶14}** Appellant challenges the trial court's original imposition of consecutive sentences, found in both sentencing entries. Appellant does not provide specific arguments and generally presents conclusory statements making it difficult to evaluate his arguments.

**{¶15}** The state responds by arguing that *res judicata* bars Appellant's argument, as he should have and could have challenged the imposition of consecutive sentences on direct appeal following his original sentencing in 1999.

**{¶16}** The state is correct in that Appellant was required to challenge the original imposition of consecutive sentences by means of a direct appeal of his 1999 sentencing. As such, Appellant's fifth assignment of error is without merit and is overruled.

Conclusion

**{¶17}** Appellant argues for several reasons that postrelease control was improperly imposed decades after his original sentencing. Appellant also argues that the new entry incorrectly calculates his jail-time credit, and that the imposition of consecutive sentences was erroneous. For the reasons provided, the judgment of the trial court is reversed. The April 22, 2021 entry is vacated and the October 28, 1999 entry is reinstated.

Robb, J., concurs.

Hanni, J., concurs.

Case No. 21 MA 0048

---

For the reasons stated in the Opinion rendered herein, Appellant's first, second and third assignments of error are sustained, his fourth assignment is moot and his fifth assignment is overruled.  It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed.  We hereby vacate the April 22, 2021 entry and reinstate the October 28, 1999 entry in this matter.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**